NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1287

TONY COLIDA,

Plaintiff-Appellant,

v.

SANYO NORTH AMERICA CORPORATION,

Defendant-Appellee.

_____

DECIDED:  December 2, 2004

_____

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Tony Colida appeals the judgment of the United States District Court for the Southern District of California,[1] holding that the accused telephone design of Sanyo North America Corp. does not infringe either of the two design patents in suit.  We affirm.

## BACKGROUND

---

[1] Colida v. Sanyo North America Corp., Docket No. 03-CV-1200-L (JMA) (S.D. Ca. March 5, 2004).

The issue concerns the design of cellular telephone handsets. Mr. Colida is the inventor of U.S. Design Patent No. 321,347 (the '347 patent). This patent shows a handset having curved sides, a recessed screen and recessed keyboard, and is described as resembling a whale's mouth when the handset is closed:



Mr. Colida's U.S. Design Patent No. 321,349 (the '349 patent) is marked by a large-diameter hinge and a prominent bend in the longer fold of the body, shown as follows:



The accused Sanyo design, Sanyo model SCP-5300, is depicted as follows:



The district court granted Sanyo's motion for summary judgment of non-infringement.

DISCUSSION

A design patent is for the visual appearance of a useful article. Durling v. Spectrum Furniture Co., 101 F.3d 100, 104-05 (Fed. Cir. 1996). To infringe a design patent, the accused device must have substantially the same appearance as the patented device, and contain the points of novelty as compared with the prior art, such that the ordinary observer would believe that they are the same product. Gorham Co. V. White, 81 U.S. 511, 528 (1871); Payless Shoesource v. Reebok Int'l Ltd., 998 F.2d 985, 990 (Fed. Cir. 1993); Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1444 (Fed. Cir. 1984).

Mr. Colida argues that the design of the Sanyo model SCP-5300 is substantially similar to that of the '347 patent, in that both phones are hinged and have oval keys. The district court observed that the Sanyo phone has additional, irregularly shaped keys, including a four-way navigational key, and straight rather than curved sides. The court also observed that the Sanyo phone has neither a recessed screen nor a recessed keyboard,

that the Sanyo screen is significantly larger than the '347 screen, and that on the outside of the Sanyo phone there is a display screen that can be viewed when the phone is closed. We agree with the district court that there is no view of the facts whereby a reasonable trier of fact could find infringement, and that summary judgment of non-infringement was properly entered.

Mr. Colida also argues that the Sanyo SCP-5300 design is substantially similar to the '349 patent design, in that both the '349 design and the Sanyo phone have hinges and oval keys. The district court observed that the Sanyo phone has additional irregularly shaped keys, that the keys are not recessed, and that the Sanyo phone has a smaller hinge and hinge cover and no bend in the top fold. No error has been shown in the district court's holding that there is no view of these designs whereby the ordinary observer would believe that they were the same.

04-1287                                    4